IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JENNIFER LYNN BLOSSER,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-295**  (Cir. Ct. Monongalia Cnty. Case No. CC-31-2024-C-362)

**BRANDY DEEANN BLOSSER and**
**MICHAEL JOSEPH BLOSSER,**
**Plaintiffs Below, Respondents**

### MEMORANDUM DECISION

Petitioner Jennifer Lynn Blosser appeals the Circuit Court of Monongalia County's June 6, 2025, order granting a motion to sell property pursuant to West Virginia Code § 37-4-3 (partition action) filed by Respondents Brandy Deeann Blosser and Michael Joseph Blosser. Petitioner does not assign error to any of the circuit court's rulings in the June 6, 2025, order. Instead, she argues that the circuit court erred in denying her motion to consolidate. The order denying her motion to consolidate was entered March 5, 2025, and is not referenced in, or attached to, her notice of appeal. Respondents Brandy Deeann Blosser and Michael Joseph Blosser filed a response.[1] Petitioner did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's June 6, 2025, order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On February 22, 2023, Steven Blosser died intestate in Monongalia County. Respondents are the children of the decedent and petitioner is the decedent's wife. At the time of his death, Steven Blosser was the sole owner of real property located in Monongalia County (the "Property") containing approximately three and one-half acres. Pursuant to the laws of intestate succession and according to the probate records, respondents, as the children of the decedent, each inherited a one-quarter interest in the Property and petitioner, as the wife of the decedent, inherited a one-half interest in the Property.

---

[1] Jennifer Blosser is represented by Kevin T. Tipton, Esq. Brandy and Michael Blosser are represented by Lisa R. Hyre, Esq.

On March 8, 2024, petitioner filed a civil action in the Circuit Court of Monongalia County against Clear Mountain Bank ("CMB") and one of its employees for alleged negligence during the refinance of the Property. The case against CMB and the employee was docketed as case number 24-C-80. In the complaint, petitioner alleges that the CMB employee gave negligent advice during the refinance process by informing her that she and her husband did not need to prepare a new deed to add her as co-owner of the Property. Such negligent advice allegedly led to respondents inheriting a combined one-half interest in the Property, which is contrary to what petitioner and her husband intended.

On October 4, 2024, respondents filed a partition action against petitioner pursuant to West Virginia Code § 37-4-3 (1957) and requested a sale of the Property. The partition action was docketed as case number 24-C-362 and is the subject of this appeal. On December 6, 2024, petitioner filed a motion to consolidate the two cases, pursuant to Rule 42 of the West Virginia Rules of Civil Procedure, claiming that the cases were "intricately intertwined," sharing essentially the same facts and circumstances. On December 13, 2024, petitioner filed a third-party complaint in 24-C-362 against CMB and the employee which essentially mirrors the complaint filed in 24-C-80.[2]

In its March 5, 2025, order, the circuit court denied petitioner's motion to consolidate, concluding that the two cases "do not include common questions of law and fact." Shortly thereafter, on March 18, 2025, respondents filed a motion to sell the Property pursuant to West Virginia Code § 37-4-3. The circuit court heard the motion to sell on May 21, 2025, and on June 6, 2025, entered its order to sell the property. This appeal followed.

At the outset, we note that petitioner asserts as her sole assignment of error that the circuit court abused its discretion in denying her motion to consolidate. However, petitioner did not attach the March 5, 2025, order denying the motion to her notice of appeal. The only order attached to the notice is the June 6, 2025, partition sale order. Rule 5(b) of the West Virginia Rules of Appellate Procedure requires that petitioner attach all orders being appealed to the notice of appeal. *See* W. Va. R. App. P. 5(b), App. A (2022). Any order not attached to the notice of appeal may be excluded from consideration. *See Goff v. Smith*, No. 23-ICA-299, 2024 WL 4052866, at *4 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision); *see also Gilhuys v. Hardy County 911 Center*, No. 23-759, 2025 WL 1779845, at *3, n.7 (W. Va. June 27, 2025) (memorandum decision) (finding that the ICA properly excluded an order from consideration that was not in the petitioner's notice of appeal). Based on petitioner's failure to attach the correct order to the notice of appeal, we exclude the March 5, 2025, order from consideration because that order is not properly before this

---

[2] Respondents are not parties in petitioner's action against CMB (24-C-80) and are not named in her third-party complaint against CMB in this case (24-C-362).

Court.[3] As a result, we find that petitioner has not established any reversible error regarding the June 6, 2025, order on appeal.

For the foregoing reasons, we affirm the circuit court's June 6, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[3] Even if we were to consider the March 5, 2025, order, we would conclude that the circuit court did not abuse its discretion in denying consolidation. "A decision by a trial court to consolidate civil actions on any or all matters in issue under Rule 42(a) of the West Virginia Rules of Civil Procedure will be deferentially reviewed under an abuse of discretion standard." *State ex. rel. Appalachian Power Co. v. MacQueen*, 198 W. Va. 1, 4, 479 S.E.2d 300, 303 (1996). Petitioner fails to demonstrate how the circuit court erred when it held the two cases petitioner seeks to consolidate do not involve common questions of law or fact as required by Rule 42 of the West Virginia Rules of Civil Procedure (2025). The negligence action against CMB and the partition sale action have few overlapping facts and distinct legal questions. The law supporting a negligence claim has virtually nothing in common with the law authorizing an allotment or sale of co-owned property. Accordingly, we would find no error in the circuit court's determination that consolidation was inappropriate.